UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WEBSTER BIVENS, *et al.*

    Plaintiffs,

v.                    208CV026

SHIRLEY ROBERTS, *et al.*,

    Defendants.

## ORDER

In this 18 U.S.C. § 1962(c) (RICO), 42 U.S.C. § 1983, and fraud case, *pro se* plaintiffs Webster Bivens and others accuse various defendants of conspiring to defraud them out of their Brunswick, Georgia area land by, *inter alia*, using "false affidavits, documents and Gift Deeds, [which were] processed, signed and switched back and forth between each other to conceal and confuse the Plaintiffs." Doc. # 9 ¶ 38. Plaintiffs seek redress against a variety of defendants. *Id.* at 4-8.

After they successfully moved for leave to proceed *in forma pauperis* (IFP), doc. # 20, plaintiffs moved for appointment of: counsel, a real property expert, and a handwriting expert. Doc. # 66. The Magistrate Judge (MJ) understandably denied the motion,[1] doc. # 79, *reconsideration denied*, doc. ## 100, 128, and plaintiffs now "appeal" that ruling (actually, they F.R.Civ.P. 72(a)-object to it)[2] to the undersigned.

The *only* reason the plaintiffs provide in support of their motions is essentially this: (a) the defendants visited various alleged wrongs upon them; (b) the defendants are rich, while the plaintiffs are not; (c) "equal justice" therefore dictates that "someone" (which can only mean either a lawyer forced to work for free or the taxpayers) should foot the cost of the litigation plaintiffs now seek (*i.e.*, the Court should have someone or some group or entity absorb the cost of advancing their case with the assistance of counsel and the specified experts). *See* doc. # 132 ("Equal justice under the law demands at the very least the appearance of equality in litigation").

Congress, of course, is free to allocate such resources (*e.g.*, provide funds for free lawyers and experts to all who decide that they've been dealt an injustice and thus seek to litigate against it). Until it does, the resource-level "equality" to which plaintiffs advert is simply

---

[1] There is no constitutional right to counsel in a civil proceeding, *U.S. v. 817 N.E. 29th Drive*, 175 F.3d 1304, 1311 n. 14 (11th Cir. 1999); *cf. Gibson v. Turpin*, 270 Ga. 855, 857-58 (1999) (not even for capital habeas cases), and thus there is no constitutional right to experts either. True, Congress has seen fit to nudge courts to urge (but not pay) local lawyers to take *some* cases, but only in very specific legal areas like those involving civil rights. Even at that, "exceptional circumstances" must be shown. *See, e.g. Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (denial of inmates' motion for appointment of counsel in § 1983 prison conditions action was not abuse of discretion, given that core facts of case were not in dispute and legal claims were straightforward, and therefore no exceptional circumstances existed which would require appointment of counsel). Congress made no such choice for "plain vanilla" litigation like this. And certainly no exceptional circumstances have been shown here, where at stake are only property, as opposed to civil, rights. Put another way, these litigants are fighting over assets, not life or liberty.

[2] Plaintiffs cite S.D.Ga.Loc.Civ.R. 74.1, doc. # 132 at 1, but that rule applies to bankruptcy appeals, not this case. In fact, that rule needs revision because it mentions appeals from MJs to the district court, as does its predicate counterpart, S.D.Ga.Loc.Civ.R. 73.4 (allowing parties, by consent, to appeal from MJs to district court), but those appeals are no longer authorized by statute or rule. Local Rule 73.4, for example, cites to F.R.Civ.P. 73(d), but that no longer exists. Rule 73.4 also relies upon 28 U.S.C. § 636(c)(4), which once contemplated such appeals, but that was repealed in 1996. *See* 28 U.S.C.A. § 636 (History; Ancillary Law and Directives). This Court's Local Rules Committee therefore should prune these two rules accordingly.

not something this Court is authorized by Congress to grant in this, a property rights case.

Accordingly, the Court *OVERRULES* the plaintiffs' F.R.Civ.P. 72(a) Objection. Doc. # 132.

This _2_ day of September, 2008.


_/s/ B. Avant Edenfield_
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA