UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WEBSTER BIVENS,
BERNADETTE BIVENS,
CHELSEA BIVENS,
CHYNNA BIVENS,

    Plaintiffs,

v.                    208CV026

SHIRLEY ROBERTS, et al.,

    Defendants.

## ORDER

### I.    INTRODUCTION

In this 18 U.S.C. § 1962(c) (RICO), 42 U.S.C. § 1983, and fraud case, *pro se* plaintiffs Webster, Bernadette, Chelsea and Chynna Bivens accuse over 200 defendants[1] of conspiring to defraud them out of their Brunswick, Georgia area land by, *inter alia*, using "false affidavits, documents and Gift Deeds, [which were] processed, signed and switched back and forth [among the defendants] to conceal and confuse the Plaintiffs." Doc. # 9 ¶ 38. Specifically, plaintiffs allege that their parents, grandparents, great-grandparents and/or aunt were owners of real property located in the Harrington area of St. Simons Island, Georgia (which plaintiffs refer to as the "Catherine Whing property"), doc. # 9 ¶ 26, and that various defendants conspired to defraud them out of their ownership of it. Doc. # 9. Shirley Roberts and three other defendants allegedly forged documents and deeds resulting in illegal transfers of the Catherine Whing property. The remaining defendants are individuals, law firms, and other organizations that were allegedly involved in Roberts' "racketeering organization." *Id.*

In previous orders, this Court denied, *inter alia*, plaintiffs' motions to change venue, and for financial assistance and appointment of counsel, in litigating this case. Doc. # 133; *Bivens v. Roberts*, 2008 WL 4083197 (S.D. Ga. 9/2/08) (unpublished). They now move the Court to reconsider its venue ruling. Doc. ## 144, 154.

Meanwhile, a variety of defendants[2] jointly move to dismiss plaintiffs' case for failure to state a claim under F.R.Civ.P. 12(b)(6). Doc. # 56. Defendant Alfonza Ramsey also has filed a separate 12(b)(6) motion. Doc. # 149. Defendant Pecolia Baisden and defendants James Bishop, Jr. and James Bishop Law Firm move for judgment on the pleadings under F.R.Civ.P. 12(c).[3] Doc. # 153 (Baisden motion); # 156

---

[1] They are: Shirley Roberts; John McQuigg, Esq.; Joseph Strength, Esq.; St. Simons Island Land Trust, Inc.; Kathy Hutcheson; Sea Island Coastal Properties, LLC; Jameson Griggs, Esq; Lisa Newton; Pecolia Baisden; M.P. Hogdon; Alfonza Ramsey; Emory Rooks; Mark McGregor; Eunice J. Wilcox; Gilbert, Harrell, Sumerford and Martin, P.C.; Neptune Whing; Sandra Helton; James Bishop, Jr., Esq.; James Bishop Law Firm; Daryl B. Ray; First African Baptist Church; Cynthia Wilson Brown; The St. Simons African-American Coalition; John Doe 1-100; and Jane Doe 1-100.

[2] They are: Gilbert, Harrell, Sumerford and Martin, P.C.; M.P. Hogdon; Kathy Hutcheson; Lisa Newton; Sea Island Coastal Properties, LLC; St. Simons Island Land Trust, Inc.; and Joseph Strength, Esq.

[3] Rule 12(b) motions must be made before responsive pleadings are filed, while Rule 12(c) motions may be made after that. F.R.Civ.P. 12(b-c); *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). Courts thus treat a Rule 12(b) motion filed after a responsive pleading as a Rule 12(c) motion for judgment on the pleadings based on a failure to state a claim upon which relief may be granted. Additionally, a Rule 12(c) motion "is subject to the same standard as a motion to dismiss under Rule

(Bishop motion). In response, plaintiffs have filed a motion for leave to amend their complaint to incorporate new facts and to add additional defendants. Doc. # 169.

Finally, plaintiffs move for a default judgment against various defendants. Doc. # 68.

## II. ANALYSIS

### A. Motion for Reconsideration on Venue

Plaintiffs have moved this Court to reconsider its Order, doc. # 133, denying a change of venue from the Brunswick Division to the Savannah Division of the Southern District of Georgia. Doc. # 144. Plaintiffs argue that that they originally filed this suit in the Savannah Division and it was transferred to the Brunswick Division without their consent. Thus, they characterize their motion "not [as] a motion to change venue, but an application to return to the forum selected by Plaintiffs as is their right." Doc. # 144 at 1.

Local Rule 2.1(b) states that "Actions ... brought against persons who are residents of more than one division in this district, shall be brought in the division in which a substantial part of the events or omissions giving rise to the claim occurred." S.D.GA.LOC.CIV.R. 2.1(b). The county of residence listed in the Complaint for almost all of the defendants is Glynn County, Georgia, and the land that was the subject of the allegedly illegal transfers is located there. Doc. # 9 at ¶¶ 1-23, 26. By all indications the events giving rise to plaintiffs' claims took place in Glynn County, which is part of the Brunswick Division. 28 U.S.C. § 90(c)(5). Nothing in the Complaint points to any events taking place within the Savannah Division.

Thus, the plaintiffs improperly filed their original Complaint in the Savannah Division, *see* doc. # 1, and the Clerk immediately transferred it to the Brunswick Division – the proper venue for the suit. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.")

Plaintiffs' reconsideration motion does not establish any of the grounds justifying reconsideration: "an intervening change in controlling law, the availability of new evidence, [or] the need to correct clear error or prevent manifest injustice." *Estate of Pidcock v. Sunnyland America, Inc.*, 726 F. Supp. 1322, 1333 (S.D. Ga. 1989). It simply rehashes the same arguments that this Court rejected in its prior order denying a venue change – namely, plaintiffs' fears that local bias would favor the defendants. Doc. # 144 at 2. The Court has previously found these concerns insufficient to justify a change in venue. Doc. # 133.

The Court's prior Order may have been inaccurate when it stated that "[p]laintiffs properly filed this action in the Court's Brunswick Division," *id.* at 1, when, in fact, they had improperly filed their original complaint in the Savannah Division before filing their amended complaint in the Brunswick Division. Even if this could be considered a "clear error," it was harmless. Brunswick is the proper venue, and the plaintiffs have not shown that a change of venue is necessary.

---

12(b)(6)." *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008), cited in *Warnock v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 4594129, *3 (S.D. Miss. 10/14/08) (unpublished).

2

### B. Motion for Leave to Amend Complaint

Plaintiffs have moved the Court for leave to amend their RICO complaint to add new defendants and "incorporate new facts to support existing claims." Doc. # 169 at 1. Because defendants have already filed a responsive pleading in this case, plaintiffs may only amend their complaint after obtaining leave from the Court, and such leave shall be "freely given when justice so requires." F.R.Civ.P. 15(a). However, that does not mean that leave is given automatically. The Court must consider whether an amendment would prejudice any party to the suit, is sought in bad faith, would cause undue delay, or would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). But generally, if a *pro se* plaintiff might cure any defect in its complaint through amendment, the Court must provide at least one chance to amend.[4] *Clark v. Maldonado*, 288 Fed.Appx. 645, 647 (11th Cir. 2008).

Before the Court are several motions to dismiss and motions for judgment on the pleadings from various defendants. Doc. ## 56, 149, 153, 156. Without addressing the merits of the arguments set forth therein, the Court simply notes that the defendants have argued, *inter alia*, that the plaintiffs have not adequately stated a claim for relief. The "new facts" that plaintiffs intend to include in an amended complaint could conceivably fix defects that may exist in the current complaint and therefore affect the outcome of the Court's ruling on those Rule 12 motions.

On the other hand, plaintiffs' Complaint casts a broad net around many defendants, and this Court is not entirely convinced that an amendment would not be futile with respect to certain claims and defendants. Of course, it is impossible to make that determination without knowing what the plaintiffs intend to include in their amended complaint. For this reason there exists a general rule that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999); *see also Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 906-07 (6th Cir. 2002) (in absence of proposed amendment court did not have sufficient information to determine if leave to amend complaint should be granted). Attaching the proposed amended complaint helps satisfy F.R.Civ.P. 7(b)(1)'s requirement that applicants seeking a court order by motion "state with particularity" the grounds for the relief they seek. *See Long*, 181 F.3d at 1279.

Although plaintiffs' Motion to Amend refers several times to an attachment containing the amended complaint, none was filed along with the Motion. *See, e.g.*, doc. # 169 at 1 ("The Amended Complaint is annexed."). The Court will defer ruling on the Motion to Amend until plaintiffs file a copy of the proposed amended complaint with this Court. They shall have 14 days from the date of this Order to file it for the Court's consideration. The Court will then rule on whether it will permit the amendment, taking into consideration the defendants' arguments against granting leave to amend. *See* doc. ## 164, 165, 167, 168, 170, 171.

When submitting their amended complaint, Plaintiffs are advised to consider the following pleading standards that this Court will apply.

---

[4] Plaintiffs have already amended their complaint "as a matter of course" (before any responsive pleadings were filed). Doc. # 9 (First Amended Complaint). The general rule that plaintiffs be given at least one chance to amend their complaint does not include any amendment that was made as a matter of course. *Bryant v. Dupree*, 252 F.3d 1161, 1163-64 (11th Cir. 2001)

3

### *1.* Pro Se *Pleading Standards*

*Pro se* plaintiffs are constitutionally guaranteed access to the courts, *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983), and are otherwise entitled to have their pleadings construed liberally, *Sanders v. U.S.*, 113 F.3d 184, 187 (11th Cir. 1997), but they nevertheless must abide by the rules. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"); *Lemons v. Lewis*, 969 F. Supp. 657, 659 (D. Kan. 1997) (*pro se* status does not absolve litigant of duty to comply with fundamental procedural rules).

That means that judges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (pursuant to the less stringent standard applied to a *pro se* litigant's pleadings, wildly implausible allegations in the litigant's complaint should not be taken as true, but the court ought not penalize the litigant for linguistic imprecision in his more plausible allegations); *St. John v. U.S.*, 54 F. Supp. 2d 1322, 1323 (S.D. Fla. 1999) (court is not required to abrogate basic pleading essentials or conjure up unpled allegations simply because plaintiff is proceeding *pro se*).

Not surprisingly, *pro se* litigants often do not understand complex legal principles and thus fail to plead "foundation facts" to a claim. They cannot, however, simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. To the contrary, plaintiffs must plead factual allegations upon a good faith belief per F.R.Civ.P. 8 and 11. Again, judges cannot and must not "fill in the blanks" for *pro se* litigants; they may only cut some "linguistic slack" in what is actually pled.

### *2. Rule 8 and 12(b)(6) Standards*

Under F.R.Civ.P. 8, a complaint must contain a short and plain statement showing an entitlement to relief. That statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *2002 Irrevocable Trust for Richard C. Hvizdak v. Huntington Nat. Bank*, 2008 WL 5110778 at *1 (M.D. Fla. 12/1/08) (unpublished) (quotes and cite omitted).

To survive a Rule 12(b)(6) (and thus, a Rule 12(c)) dismissal motion,

> "the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff's complaint should be dismissed." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard).[5]

*James River Ins. Co. v. Ground Down Engineering, Inc.*, 540 F.3d 1270, 1274-75 (11th Cir. 2008); *see also supra* n.3. Accordingly,

> while notice pleading may not require that the pleader allege a specific fact

---

[5] Thus, plaintiffs should take note that the "no set of facts" pleading standard to which they cite is no longer the applicable standard after *Twombly*. See doc. # 150 (Plaintiffs['] Answer to Defendant Ramsey's Motion to Dismiss) (citing "no set of facts" standard described in *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)).

4

to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.

*Financial Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (quotes and cites omitted; emphasis added).

Finally, it has long been the rule that "conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss." *South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 975-76 (11th Cir. 2008) (conclusory allegations in black employees' complaint -- that they were "denied promotions and treated differently than similarly situated white employees solely because of race" – were insufficient to satisfy "notice" pleading standard, and to put employer on notice that employees were complaining of fact that white employees, rather than black complainants, were hired for two supervisory positions pursuant to employer's allegedly discriminatory policy of filling the positions by word of mouth without any formal posting; black employees were aware of these two hirings before they filed their complaint and, by specifically citing these hirings, could have raised their right to relief above level of speculation); *Lloyd v. Foster*, 2008 WL 4737438 at *2 (11th Cir. 10/30/08) (unpublished).

A "plain statement" therefore must "possess enough heft to show entitlement to relief." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1966 (quotes, cite and alterations omitted). This includes a sufficient factual allegation to justify the requested relief. *Id.* at 1965; *see also Comcast of South Florida II, Inc. v. Best Cable Supply, Inc.*, 2008 WL 190584 at *2 (S.D. Fla. 1/22/08) (unpublished).

Whether allegations satisfy *Twombly*'s "fair notice" (of what the claim is) requirement can depend on the type of case. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3rd Cir. 2008).

The *Phillips* court wrestled with the minimum factual allegation requirements in deciding what one must plead to show entitlement to relief. *Id.* (There must be enough factual matter, taken as true, to suggest the required element; however, this does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.); *accord Secretary of Labor v. Labbe*, 2008 WL 4787133 at *1 (11th Cir. 11/4/08) (unpublished).

### 3. RICO and Fraud Pleading Standards

Finally, there is a heightened pleading standard required for RICO and fraud claims. Those who advance civil RICO claims must plead with sufficient specificity:

> Civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity. *See* Fed.R.Civ.P. 9(b); *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997). To satisfy the Rule 9(b) standard, RICO complaints must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the

5

Defendants gained by the alleged fraud. *Brooks*, 116 F.3d at 1380-81.

*Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316-17 (11th Cir. 2007); *see also Davit v. Davit*, 173 Fed. Appx. 515, 517 (7th Cir. 2006) (heightened pleading requirements for fraud claims applied to former husband's RICO claims against his former wife, her attorney, state judges and others involved in his state divorce proceedings, where former husband purported to allege fraudulent activity among all defendants, in connection with alleged conspiracy to deny him an honest tribunal).

A RICO complaint therefore "should inform each defendant of the nature of his alleged participation in the fraud." *Ambrosia Coal*, 482 F.3d at 1317; *see also* Rule 9(b) ("[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity"). One cannot simply lump a bunch of defendants together. *Ambrosia Coal*, 482 F.3d at 1317; *Bray & Gillespie Management LLC v. Lexington Ins. Co.*, 527 F. Supp. 2d 1355, 1363 (M.D. Fla. 2007). Although "the particularity requirements of Rule 9(b) should not be applied mechanically and must be read in light of the notice pleading standards set forth in Rule 8," and "can be relaxed when the specific information with respect to the fraud is within the exclusive knowledge or control of the defendant," the plaintiff still must allege the factual basis of his beliefs. *Bray & Gillespie Management LLC v. Lexington Ins. Co.*, 2007 WL 3457585 at *3 (M.D. Fla. 11/14/07) (unpublished).

### C. Motions to Dismiss

In light of the possibility that this Court will permit the plaintiffs to amend their Complaint, the Court will defer ruling on all motions to dismiss, doc. ## 56, 149, 153, 156, pending its amendment decision.

### D. Motion for Entry of Default and Default Judgment

Plaintiffs have filed a "Notice of Intent to File for Default Judgment" with respect to defendants Shirley Roberts, Alfonza Ramsey, Neptune Whing, Jameson Griggs, John McQuigg, Emory Rooks, James Bishop, Jr., Cynthia Wilson Brown, James Bishop Law Firm, First African Baptist Church, and St. Simon[s] African-American Coalition. Doc. # 68. Within the body of that document, the plaintiffs characterize their filing as an "Application for Default Judgment." *Id*. As plaintiffs are *pro se*, the Court liberally construes the filing as a motion for an entry of default against these defendants as well as a motion for a default judgment against them.

#### 1. *Motion for Entry of Default*

Rule 55(a) requires the clerk to "enter [a] party's default" when the party fails to plead or otherwise defend a case, so long as "that failure is shown by affidavit or otherwise." F.R.Civ.P. 55(a). Default may be entered either by the Clerk or through a Court order. *See Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980) ("Once a defendant fails to file a responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge.") An entry of default is not a judgment of liability, but is merely the Court's recognition that a defendant has failed to plead or otherwise defend a case. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (defining "default").

The plaintiffs have not submitted an affidavit proving default, but the Court affords some leeway to *pro se* plaintiffs and has reviewed the Court's docket for

6

evidence that default has been "otherwise shown." Defendants Roberts, Ramsey, McQuigg, Bishop, and the James Bishop Law Firm have submitted timely answers to the plaintiffs' Complaint and do not appear to be in default. *See* doc. ## 80 (Roberts), 111 (Ramsey), 77 (McQuigg), 83 (Bishop and James Bishop Law Firm). One defendant, Jameson Griggs, was never served so he cannot be held in default. *See* doc. # 99 (U.S. Marshal unable to serve because "No Such Address"). That leaves Neptune Whing, Emory Rooks, Cynthia Wilson Brown, First African Baptist Church, and St. Simon[s] African-American Coalition as the only parties that have been served but have not responded to the plaintiffs' Complaint. These defendants are in default.

### 2. *Motion for Default Judgment*

Having found certain defendants in default, the Court turns to plaintiffs' implied Motion for Default Judgment. Doc. # 68. An entry of default is not the same as a default judgment. *Arango v. Guzman Travel Advisors*, 761 F.2d 1527, 1530 (11th Cir. 1985). To obtain a default judgment, a party generally must file a motion, which the Court has discretion to grant or deny. F.R.Civ.P. 55(b)(2) ("In all other cases, the party must apply to the court for a default judgment."); *Hamm v. DeKalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985) ("The entry of a default judgment is committed to the discretion of the district court..."). Factoring into the Court's decision is whether the Complaint provides a sufficient basis for liability against the defaulting defendants. *See Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("There must be a sufficient basis in the pleadings for the judgment entered."). A default judgment is a harsh remedy that is disfavored by courts.

Accordingly, there is a preference that liability be decided on the merits. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Consequently, a default judgment is not appropriate at this time. The Court has yet to rule on whether the plaintiffs' Complaint states a claim for relief against any of the defendants. Particularly in the context of a RICO claim, which requires "enterprise" liability involving two or more parties, *see Jones v. Childers*, 18 F.3d 899, 910 (11th Cir. 1994), it would be imprudent to enter a default judgment before determining whether plaintiffs' Complaint pleads sufficient facts that such an enterprise existed or that the five defaulting defendants were in any way involved in that enterprise. Thus, plaintiffs' Motion for Default Judgment, doc. # 68, is denied without prejudice to the right to renew it later through a motion for summary judgment.

### III. CONCLUSION

Plaintiffs' Motion for Reconsideration of this Court's Order denying a change of venue, doc. # 144, is ***DENIED***.

Plaintiffs' Motion for Leave to Amend the Complaint, doc. # 169, is ***DEFERRED***. Plaintiffs shall have ***14 DAYS*** from the date of this Order to submit a copy of the proposed amended complaint to the Court, after which time the Court will rule on that motion.

Defendants' various 12(b)(6) and 12(c) motions, doc. ## 56, 149, 153, 156, are also ***DEFERRED*** pending the Court's decision to permit amendment of the complaint.

Defendants Neptune Whing, Emory Rooks, Cynthia Wilson Brown, First African Baptist Church, and St. Simons African-American Coalition are ***IN DEFAULT*** and

7

the Court **ORDERS** the Clerk to enter their default.

Plaintiffs' Motion for a Default Judgment, doc. # 68, is **DENIED** without prejudice to renew it at a later stage in this litigation.

This 18th day of February 2009

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA